UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| CORY L. MURRAY, TDOC # 344355, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | NO.: 2:12-cv-52 |
| | ) | (VARLAN/SHIRLEY) |
| WARDEN BRUCE WESTBROOKS; | ) | |
| OFFICER BONTRAGER; SGT. BERT BOYD; | ) | |
| SGT. JOEL SMITH; SGT.; E. KERLEY; | ) | |
| CPL. MIKE SMITH, I-A; | ) | |
| OFFICER TIMOTHY MOONINGHAM; | ) | |
| SGT. RIGGS; RANDY LEWIS; | ) | |
| VERNON DEWAYNE BOWLIN; | ) | |
| LIEUT. CURTIS PENNINGTON; and | ) | |
| OFFICER CHAD DAVIS,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Cory L. Murray, a state prisoner in the Southeastern Tennessee State Regional Correctional Facility (hereinafter "STSRCF") in Pikeville, Tennessee, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging the violation of rights secured to him by the United States Constitution. Plaintiff has also submitted an application to proceed *in*

---

[1] The names of some of the defendants listed in the caption are spelled differently in the body of the complaint. For example, the complaint's caption listed as a defendant "Officer *Timith* Mooningham," but in paragraph II.C of the pleading, where additional defendants are to be listed, this defendant's first name is spelled "*Timothy*." Also, listed in the caption as a defendant is "Sgt. E. *Curley*," whereas this defendant's last name is spelled "*Kerley*" throughout the complaint." Therefore, in the caption, the Court has spelled defendants' names as they are spelled in the body of the complaint.

*forma pauperis*, which reflects that he has a zero (0) balance in his inmate trust account. Nevertheless, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff therefore is **ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)*, overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of plaintiff's inmate trust account at the institution where he resides shall submit to the Clerk of Court twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Remittances should be mailed to the <u>Clerk, United States District Court; 220 West Depot Street, Suite 200; Greeneville, Tennessee 37743.</u>

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account at the facility wherein he is housed and to Derrick D. Schofield, Commissioner of the Tennessee Department of Correction, to ensure compliance with above fee-collection procedures.

Plaintiff contends, in his complaint, that his constitutional rights were violated by various state prison officials, all of whom are STSRCF officials in Pikeville, Tennessee. This is important because a civil rights action may be filed in the judicial district in which any defendant resides, if all defendants reside in the same state or in which a substantial part of the acts or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). A federal

2

Case 1:12-cv-00133   Document 3   Filed 04/23/12   Page 2 of 3   PageID #: 18

district court may transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1404(a). The events which occasioned this lawsuit apparently occurred in the STSCRF in Pikeville, Tennessee, and one may reasonably infer that most defendants officers reside in that vicinity as well. Pikeville, Tennessee, is located in the Southern Division of this district. 18 U.S.C. § 123(a)(3).

Accordingly, because the Court has concluded that, for the convenience of parties and witnesses, and in the interest of justice, this case is more properly litigated in the Southern Division of this district, it is hereby

**ORDERED** that this action is transferred to the United States District Court for the Eastern District of Tennessee, Southern Division, at Chattanooga; it is

**FURTHER ORDERED** that the Clerk of this Court shall transmit all relevant papers to the transferee court; and it is

**FURTHER ORDERED** that this matter shall be removed from the docket of this Court.

**ENTER**:

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE