UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CORY L. MURRAY, | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-133 |
| | ) | *Judge Mattice* |
| WARDEN BRUCE WESTBROOKS; | ) | |
| OFFICER BONTRAGER; SGT. BURT | ) | |
| BOYD; SGT. JOEL SMITH; SGT. E. | ) | |
| KERLEY; CPL. MIKE SMITH, I.A | ) | |
| OFFICER TIMOTHY MOONINGHAM; | ) | |
| SGT. RIGGS; RRANDY LEWIS; | ) | |
| VERNON DEWAYNE BOWLIN; | ) | |
| LT. CURTIS PENNINGTON; and | ) | |
| OFFICER CHAD DAVIS,[1] | ) | |
| | ) | |
|     *Defendants*. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Cory L. Murray ("Plaintiff") is an inmate at Bledsoe County Correctional Complex in Pikeville, Tennessee. Plaintiff, a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, which was transferred from the United States District Court of the Eastern District of Tennessee at Greeneville after that court assessed the filing fee (Court File No. 2),

The Court liberally construes the complaint, as it is required to do. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). In his *pro se* civil rights action under 42 U.S.C.

---

[1] The names of some of the defendants listed in the caption of Plaintiff's complaint are spelled differently than in the body of the complaint. For example, the complaint's caption listed as a defendant "Officer Timith Mooningham," but in paragraph II.C of the pleading, where additional defendants are to be listed, this defendant's first name is spelled "Timothy." Also, listed in the caption as a defendant is "Sgt. E. Curley," whereas this defendant's last name is spelled "Kerley" throughout the complaint." Similarly, listed in the style of the complaint as a defendant, is Sgt. Bert Boyd, but in the additional defendant section and body of the complaint, his first name is spelled "Burt." Therefore, the Court has spelled defendants' names as they are spelled in the body of the complaint.

§ 1983, Plaintiff sues Defendants without identifying the capacity in which he sues them and without providing sufficient facts to support his allegations. Plaintiff generally claims he was verbally sexually harassed, refused reading material, given "disciplinaries" for exercising his constitutional rights, and found guilty without being present at the hearing. In addition, Plaintiff claims Defendants threatened to charge him with all possible charges and make him as uncomfortable as possible. Plaintiff alleges Defendants followed through on their threats, and he was transferred to an unsanitary and cold cell with black mold "growing all in the cell" resulting in Plaintiff suffering from respiratory problems and other health issues (Court File No. 2).

For the reasons discussed below, Plaintiff's sexual verbal harassment claim with be **DISMISSED** *sua sponte* as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and Plaintiff will be given **twenty (20)** days to amend the other claims alleged in his complaint because, on its face, the complaint fails to state a claim for relief under § 1983 (Doc. 2). *See LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

I.      SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v.*

2

*Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has failed to identify the capacity in which he is suing Defendants and failed to support his allegations concluding his constitutional rights were violated with facts and specificity. As explained below, where Plaintiff's complaint is incurably without merit the Court will dismiss the claim.  However, where the deficiency is able to be cured, the Court will permit Plaintiff to file an amended complaint stating exactly how Defendants violated his constitutional rights.  Plaintiff's failure to amend his complaint will result in the complaint being dismissed for failure to state a claim and for failure to prosecute and to follow the orders of this Court.  *See LaFountain v. Harry,* 716 F. 3d at 951(overruling *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) to the extent that *McGore* held that when the PLRA required dismissal of a prisoner's claim, a district court could not grant leave to amend).

II.     **FACTS**

Plaintiff's complaint is vague, confusingly pled, factually insufficient, and very difficult to decipher.  As the Court discerns, on January 19, 2012, Plaintiff was housed in a segregation unit when Officer Bontrager asked if he could see Plainitt's "pinnies" and in exchange offered to provide Plaintiff with the things he wanted.  Plaintiff retorted he was not homosexual and directed the officer to "get off [his] door." (Doc. 2).  Plaintiff reported it to the officer's supervisor, Cpl. Payne, who accused Plaintiff of being a liar.

3

Plaintiff then reported the incident to Sgt. Kerley, and he and Cpl. Mike Smith guaranteed Plaintiff he would be on the next bus leaving the institution, but the transferred never occurred.

Plaintiff alleges that "[d]uring the sexual harassment on 1/19/2012 . . . [he was] refused any reading material[,]" and the reading material he obtained was confiscated by Cpl. Payne and Officer Bontrager (Doc. 2, p.. 8). Plaintiff also alleges he has been given numerous "disciplinaries" for exercising his First and Fourteenth Amendment rights for and subsequently was found guilty of the "disciplinaries" at proceedings he was not permitted to attend (Doc. 2).

Plaintiff was put in a cell with a malfunctioning commode, and when it over-flowed Lt. Whitenburg accused him of purposely causing the problem. Officer Timothy Mooneyham ("Officer Mooneyham"), Officer Bontrager, IRC Vernon Dewayne Bowlin, Sgt. Burt Boyd, and Lt. Curtis Pennington told Plaintiff they would make him as uncomfortable as possible in order to place him "on max custody." Soon thereafter, Officer Mooneyham twisted and turned the lock on Plaintiff's cell door. When Plaintiff was directed to open his door later than day, he was charged with creating a disturbance and moved to Cell 13 which has a leaky commode and black mold. Plaintiff advised Officer Mooneyham he was experiencing health problems as the result of being housed in that cell. Officer Mooneyham advised Plaintiff that both him and Warden Westbrooks believed he deserved to live in those conditions. Plaintiff also complains that he is placed in handcuffs to empty his trash, take a shower, and to go to the recreation pen.

4

Plaintiff seeks appointment of counsel, a transfer to another institution, dismissal of all defendants from their employment, and monetary damages for mental anguish.

## III. COMPLAINT

Plaintiff's complaint includes several vague allegations none of which, as they stand now, states a constitutional violation. Specifically, Plaintiff has failed to provide the necessary factual support for his claims. For instance, to successfully challenge his conditions of confinement, Plaintiff must show an extreme deprivation. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). Routine discomfort is part of the penalty criminal offenders pay for their offenses against society. The Eighth Amendment requires prison officials to provide inmates with "a minimal civilized measure of life's necessities," and conditions of confinement which involve the wanton and unnecessary infliction of pain will violate the Eighth Amendment. *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir.), cert. denied, 469 U.S. 845 (1984) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The complaint, on its face, fails to state an Eighth Amendment claim or any other constitutional violation.

### A. Claims Subject to Amendment

Plaintiff's complaint, as it stands now, fails to state a claim for relief under § 1983. With the exception of the verbal sexual harassment claim which will be dismissed as it is not a constitutional violation and cannot be rectified by amendment, Plaintiff will be permitted to amend his complaint within **twenty (20) days** from the date of this Order. *See LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013) (complaints subject to dismissal under the Prison Litigation Reform Act may be amended).

5

### B. Verbal Sexual Harassment Claim

The only claim that is sufficiently stated is the claim of verbal sexual harassment by Officer Bontrager. Plaintiff claims Officer Bontrager asked to see his "pinnies." (Doc. 2). Courts have distinguished between a correctional officer's verbal sexual abuse of an inmate and actual sexual contact, finding that the former is not proscribed by the Eighth Amendment. The law is clear that verbal harassment and intimidation alone, do not give rise to a constitutional violation cognizable under § 1983. *Johnson v. Stasewish*, 357 F.3d 539, 545-46 (6th Cir. 2004); *Morales v. Mackalm,* 278 F.3d 126, 132 (2nd Cir. 2002) (request by female officer to have sex with prisoner and to masturbate in front of her and other female staffers did not state a constitutional violation), *overruled on other grounds in Porter v. Nussle*, 534 U.S. 516 (2002). Allegations of verbal harassment and verbal abuse by a prison official toward an inmate do not constitute punishment within the meaning of the Eight Amendments. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)(per curiam). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *Id.* at 954-55; *see also Estell v. Gamble*, 429 U.S. 97, 104 (1976).

Threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation. *See Fisher v. Woodston*, 373 F.Supp. 970, 973 (E.D. Va. 1973). A claim based on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, or under the Fifth Amendment's substantive due process clause. *See Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir.), *cert. denied*, 502 U.S. 879 (1991).

Although verbal harassment or threats with some reinforcing act accompanying them may state a constitutional claim, Plaintiff has not alleged that the purported sexual verbal harassment was accompanied by any type of reinforcing physical act. *See Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino*, 684 F.Supp. 395 (D.N.J. 1988) (prison employee threatened inmate with a knife). Consequently, Plaintiff's allegations of verbal sexual harassment do not rise to the level of a viable civil rights claim.

In summary, The Sixth Circuit has concluded that harassment and verbal abuse do not constitute a constitutional violation. *Ivey*, 832 F.2d at 954-55. While the Court does not condone sexual verbal harassment and intimidation and considers such behavior to be utterly unprofessional, that conduct is insufficient to establish a constitutional violation. Accordingly, because a guard's verbal harassment of a prisoner is not a constitutional violation, *Ivey v. Wilson*, 832 F.2d at 955, even if it includes threats of sexual assault, *Miller v. Wertanen*, 109 Fed.Appx. 64, 65, 2004 WL 1921192, *1 (6th Cir. Aug. 25, 2004), Plaintiff's claim of verbal sexual harassment will be **DISMISSED**.

Accordingly, it is hereby **ORDERED** that:

Plaintiff's claim of sexual verbal harassment is *sua sponte* **DISMISSED** as frivolous and for failure to state a constitutional violation (Court File No. 2). 28 U.S.C. § 1915(e)(2) and § 1915A,

The Clerk **SHALL** mail Plaintiff a copy of this Memorandum and Order, a copy of his original complaint, and a blank § 1983 complaint, which Plaintiff **SHALL** entitle

**AMENDED COMPLAINT**.  Plaintiff is **GRANTED twenty (20) days** from the date of this Order in which to file a First Amended Complaint that **SHALL** cure all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to his original complaint as the original complaint will be superseded by the Amended Complaint.

In other words, Plaintiff's Amended Complaint will replace his original complaint.  Therefore, defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  To be perfectly clear, Plaintiff is warned that if his amended complaint fails to address the deficiencies noted above, it may be dismissed with prejudice and without further leave to amend.

In his amended complaint, Plaintiff must include the name of each defendant he claims violated his constitutional rights and the alleged unconstitutional conduct on the part of each named defendant, specifically including the date of the conduct, identity of the parties who observed the conduct, and a detailed description of the circumstances of the alleged incident.  The Court cautions Plaintiff, if he chooses to amend his complaint, he must do so within **twenty (20)  days** from the date of this Memorandum and Order or his complaint will be dismissed for failure to state a claim and follow the Court's Order.

Finally, Plaintiff is **ORDERED** to inform the Court, and Defendants or Defendants' counsel of record, immediately of any address change.  Failure to provide a correct

address to this Court **within ten (10) days** following any change of address will result in the dismissal of this action.

ENTER:

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE