UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CORY L. MURRAY, | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-133 |
| | ) | *Judge Mattice* |
| WARDEN BRUCE WESTBROOKS; | ) | |
| OFFICER BONTRAGER; SGT. BURT | ) | |
| BOYD; SGT. JOEL SMITH; SGT. E. | ) | |
| KERLEY; CPL. MIKE SMITH, I.A | ) | |
| OFFICER TIMOTHY MOONINGHAM; | ) | |
| SGT. RIGGS; RRANDY LEWIS; | ) | |
| VERNON DEWAYNE BOWLIN; | ) | |
| LT. CURTIS PENNINGTON; and | ) | |
| OFFICER CHAD DAVIS,[1] | ) | |
| | ) | |
|     *Defendants.* | ) | |

**MEMORANDUM**

Plaintiff Cory L. Murray ("Plaintiff") was an inmate at Bledsoe County Correctional Complex in Pikeville, Tennessee when he filed the instant *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, alleging he was subjected to unconstitutional conditions of confinement (Doc. 2).

On December 18, 2013, the Court issued a memorandum and order directing Plaintiff to amend his complaint within twenty (20) days from the date of the order or his complaint would be dismissed for failure to state a claim (Doc. 4). On that same date the Clerk mailed the documents to Plaintiff. Although the memorandum and order

---

[1] The names of some of the defendants listed in the caption of Plaintiff's complaint are spelled differently than in the body of the complaint. For example, the complaint's caption listed as a defendant "Officer Timith Mooningham," but in paragraph II.C of the pleading, where additional defendants are to be listed, this defendant's first name is spelled "Timothy." Also, listed in the caption as a defendant is "Sgt. E. Curley," whereas this defendant's last name is spelled "Kerley" throughout the complaint." Similarly, listed in the style of the complaint as a defendant, is Sgt. Bert Boyd, but in the additional defendant section and body of the complaint, his first name is spelled "Burt." Therefore, the Court has spelled defendants' names as they are spelled in the body of the complaint.

included a warning that failure to notify the Court of any address change within ten days following the change would result in the dismissal of this action, Plaintiff apparently already had changed his address without notifying the Court, because the mailing was returned to the Court on January 16, 2014, as undeliverable (Doc. 5). Upon inquiry, the Clerk was notified by the Inmate Records Department that Plaintiff is no longer at the Bledsoe County Facility (Doc. 5).

Plaintiff has not notified the Court of a current address; thus, the Court is unable to mail a copy of the memorandum and order to him. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to provide a forwarding address, prosecute his case, and comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE